UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**UNITED STATES OF AMERICA**          **CASE NO.  6:21-CR-00138**

**VERSUS**                            **JUDGE DAVID C. JOSEPH**

**BRIAN BROUSSARD (01)**              **MAGISTRATE JUDGE PATRICK J.**
**SHALLA ADAMS (02)**                 **HANNA**

# REPORT AND RECOMMENDATION

Before the Court is a motion to sever filed by defendant Shalla Adams ("Adams"). (Rec. Doc. 67). The government opposes the motion (Rec. Doc. 72). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, this Court recommends that the motion be DENIED.

## Factual Background

Adams and her co-defendant, Brian Broussard ("Broussard") were arrested on May 13, 2021 on warrants issued based on probable cause that Broussard and Adams

violated various federal firearm and controlled substance laws.[1]  An indictment issued on June 16, 2021 contained eighteen (18) counts:

1. Conspiracy to Distribute and Possess with Intent to Distributed Controlled Substances (21 U.S.C. § 846)

2. Possession with Intent to Distribute Controlled Substances (21 U.S.C. § 841(a)(1))

3. Possession of a Firearm in the Furtherance of a Drug Trafficking Crime (18 U.S.C. 924(c))

4. Possession of a Firearm by a Prohibited Person (18 U.S.C. § 922(g)(1))

5. Possession of an Unregistered Machinegun (26 U.S.C. § 5861(d))

6. Possession of an Unregistered Short-Barreled Rifle (26 U.S.C. § 5861(d))

7. Possession of an Unregistered Silencer (26 U.S.C. § 5861(d))

8. Possession of a Silencer Not Identified by a Serial Number (26 U.S.C. § 5861(i))

9. Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(h))

10. Money Laundering (18 U.S.C. § 1956(a)(1)(B)(i))

11. Money Laundering (18 U.S.C. § 1956(a)(1)(B)(i))

---

[1] Rec. Docs. 1, 2, 12.

12. Money Laundering (18 U.S.C. § 1956(a)(1)(B)(i))

13. Money Laundering (18 U.S.C. § 1956(a)(1)(B)(i))

14. Money Laundering (18 U.S.C. § 1956(a)(1)(B)(i))

15. Money Laundering (18 U.S.C. § 1956(a)(1)(B)(i))

16. Engaging in Monetary Transactions with Property Derived from Specified Unlawful Activity (18 U.S.C. § 1957)

17. Money Laundering (18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i)

18. Money Laundering (18 U.S.C. § 1956(a)(1)(B)(i)).[2]

Broussard was charged in each of the eighteen (18) counts of the indictment, while Adams was charged in counts 1, 7, 8, 9, 10-15, 16, and 17-18.[3] Trial of this matter is currently set for May 23, 2022.[4]

The motion before the Court seeks to sever Adams' trial from that of Broussard on the basis of prejudicial joinder.[5] Specifically, Adams asserts that she will be prejudiced by introduction of evidence not relevant to counts against her in the indictment, as well as evidence pertaining to Broussard's prior felony conviction. Adams argues that Broussard may have made out-of-court statements which may be interpreted as implicating her in criminal activity. Adams points out that she and

---

[2] Rec. Doc. 24.
[3] *Id.*
[4] Rec. Doc. 64.
[5] Rec. Doc. 67.

3

Broussard were in a romantic relationship at the time of their arrest. Adams asserts that these factors demonstrate undue prejudice in this matter, requiring severance pursuant to Fed. R. Crim. P. 14.

## Law and Analysis

F.R.Cr.P. Rule 8(a) authorizes the joinder of multiple offenses in the same indictment if the charged offenses are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan. Fed. R. Cr. P. Rule 14 provides for severance of claims or defendants when "'there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence.'" [6] "'The federal justice system evinces a preference for joint trials of defendants who are indicted together because joint trials 'promote efficiency and serve the best interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'"[7]

A defendant seeking severance of her trial from that of a co-defendant must overcome the heavy presumption in favor of joinder by showing (1) the joint trial prejudices her to such an extent that the district court cannot provide adequate protection; and (2) the prejudice demonstrated is so great that it outweighs the

---

[6] *U.S. v. Owens*, 683 F.3d 93, 98 (5th Cir. 2012) quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993); *United States v. Michel*, 588 F.2d 986, 1001 (5th Cir. 1979) cert. denied, 423 U.S. 846 (1979).
[7] *U.S. v. McRae*, 702 F.3d 806, 821 (5th Cir. 2012) quoting *Zafiro*, 56 U.S. at 537.

government's interest in economy of judicial administration.[8]  Evidence of the reputation or past crimes of a co-defendant does not normally justify severance, even though such evidence is clearly inadmissible against the other co-defendant.[9] Similarly, evidence of a close relationship between co-defendants does not require severance.[10]

> Criminal defendants indicted and tried together often claim prejudice resulting from spillover effect; that is, prejudice that may result from the introduction of evidence at trial relating to co-conspirators that is irrelevant to a particular defendant, such as evidence of the codefendants' other crimes or bad conduct.[11]

Severance is also not required when there exists a disparity in the quantity of evidence against each defendant.  Rather, courts should employ precise instructions to the jury regarding admissibility and proper use of evidence to combat any prejudice that may threaten as a result of evidence against a co-defendant.  A jury is presumed to follow the instructions given to it, such that well-tailored limiting instructions are the preferred method to address any potential prejudice.[12]

---

[8]   *United States v. Ledezma-Cepeda*, 894 F.3d 686, 690 (5th Cir. 2018) quoting *U.S. v. Owens*, 683 F.3d 93, 98 (5th Cir. 2012).
[9]   *United States v. Rocha*, 916 F.2d 219, 228-29 (5th Cir. 1990).
[10]  *United States v. Lira*, 262 Fed. Appx. 653, 655 (5th Cir. 2008) (no error found in district court's denial of severance between married co-defendants).
[11]  *United States v. Potashnick*, 2008 WL 5272807, *8 (N.D. Tex. 2008).
[12]  *United States v. Neal*, 27 F.3d 1035, 1046 (5th Cir. 1994) (even when prejudice is shown, the court should tailor relief to the scope of the prejudice); *United States v. Merida*, 765 F.2d 1205, 1219 (5th Cir. 1989) (severance not required when limiting instructions will enable the jury to sort out the evidence and view each defendant separately, even when this task is difficult).

This Court has reviewed Adams' motion and finds this defendant fails to meet the applicable burden of demonstrating "compelling prejudice" owing to joinder with her co-defendant.[13] Despite some disparity in counts naming each defendant, both defendants are named in the conspiracy count, increasing the presumption in favor of joinder.[14]

Here, Adams and Broussard are charged with participation in a drug trafficking conspiracy.[15] As discussed above, the fact that Adams and Broussard were involved in a romantic relationship, nor the fact that Broussard is charged with crimes Adams is not charged with warrant severance in this case. Further, Adams fails to show that, assuming prejudice will result from joinder, the Court can fashion no limiting instruction to remedy such prejudice. Finally, given the government's assurance that it will not seek to introduce out-of-court statements by Broussard implicating Adams, Adams fails to demonstrate prejudice flowing from any anticipated evidence of this nature.[16]

---

[13]   *United States v. Zicree*, 605 F.2d 1381, 1388-89 (5th Cir. 1979) (co-defendant seeking severance must carry the burden of showing they will suffer "the most compelling prejudice from continued joinder.").
[14]   *Ledezma-Cepeda*, 894 F.3d at 690; *United States v. Stotts*, 792 F.2d 1318, 1322 (5th Cir. 1986) (internal citations omitted) (rejecting argument that severance is required when one co-defendant in a conspiracy is more culpable than another).
[15]   Rec. Doc. 24.
[16]   Rec. Doc. 72 at p. 4. See, *United States v. Ayelotan*, 917 F.3d 394 (5th Cir. 2019) (discussing the difference between testimonial and non-testimonial co-defendant statements relative to the Confrontation Clause).

## **Conclusion**

For the reasons discussed herein, the Court recommends that the motion to sever (Rec. Doc. 67) filed by defendant Shalla Adams be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 29th day of March, 2022.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

8

Case 6:21-cr-00138-DCJ-DJA   Document 73   Filed 03/29/22   Page 8 of 8 PageID #: 454