UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**UNITED STATES OF AMERICA**   **CASE NO.  6:21-CR-00138**

**VERSUS**   **JUDGE DAVID C. JOSEPH**

**BRIAN BROUSSARD (01)**   **MAGISTRATE JUDGE PATRICK J.**
**SHALLA ADAMS (02)**   **HANNA**

## REPORT AND RECOMMENDATION

Before the Court is a motion to sever filed by defendant Brian Broussard (01) in the above-captioned criminal matter.[1] The government opposed the motion.[2] The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that defendant's motion to sever be DENIED.

### Factual Background

Defendant Brian Broussard is one of two named defendants indicted by a grand jury in June of 2021 on eighteen (18) counts of drug trafficking, weapons possession, and money laundering.[3] Among the weapons charges naming Broussard

---

[1]  Rec. Doc. 78.
[2]  Rec. Doc. 84.
[3]  Rec. Doc. 24.

is Count 4, Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1).[4] Broussard's instant motion requests severance of this particular count from all remaining counts against him citing potential prejudice to Broussard at trial.[5] Broussard further argues that severance is appropriate considering the relative weakness of the weapons charges against him in this case.[6]

## Law and Analysis

Joinder of separate offenses in a single indictment is favored under Fed. R. Cr. P. 8 when the offenses are part of the same act, transaction, or are connected parts of the same scheme or plan.[7] A district court may sever charges properly joined under Rule 8(a) when a defendant may be prejudiced by joinder.[8] It is not enough, however, that the defendant shows he stands a better chance of acquittal if the charge at issue is tried separately.[9]

Felon-in-possession charges "present special prejudice concerns not reflected in the usual presumption in favor of joinder."[10] This is so because joinder of such a charge necessarily entails a jury hearing evidence of a defendant's prior felonies, which might otherwise be inadmissible. For this reason, courts presented with a

---

[4]    *Id.* at p. 3.
[5]    Rec. Doc. 78-1 at pp. 2-3.
[6]    *Id.*
[7]    Fed. R. Cr. P. 14; *United States v. McCarter*, 316 F.3d 536, 538 (5th Cir. 2002); *United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995).
[8]    *United States v. Ballis*, 28 F.3d 1399, 1408 (5th Cir. 1994).
[9]    *Id.*
[10]   *United States v. Turner*, 674 F.3d 420 (5th Cir. 2012).

2

motion to sever a felon-in-possession charge must consider both the efficacy of limiting measures, but also the strength of evidence of the defendant's guilt.[11]

The charge at issue alleges Defendant, a convicted felon, possessed one or more firearms in violation of 18 U.S.C. § 922(g), which provides, inter alia, that no person convicted of a felony shall possess a firearm or ammunition which has been shipped or transported in interstate commerce. Possession of a firearm under § 922 may be actual or constructive and may be proven by circumstantial evidence.[12] Constructive possession occurs when a person "knowingly has ownership, dominion, or control over the contraband itself or over the premises in which the contraband is located."[13] Whether constructive possession exists in any given case is a fact-specific inquiry.[14]

In this case, the government alleges that Broussard became one of the targets of a drug trafficking investigation, which indicated that Broussard used three (3) separate residences as stash houses and used two (2) separate vehicles in the course of alleged drug trafficking activity.[15] Defendant was arrested during a traffic stop, after which the vehicle he was driving was transported to the FBI for processing

---

[11] *McCarter*, 316 F.3d at 538-39.
[12] *United States v. DeLeon*, 170 F.3d 494, 496 (5th Cir. 1999).
[13] *United States v. McKnight*, 953 F.2d 898, 901 (5th Cir. 1992).
[14] *United States v. Meza*, 701 F.3d 411, 419 (5th Cir. 2012) quoting *United States v. Hinojosa*, 349 F.3d 200, 204 (5th Cir. 2003).
[15] Rec. Doc. 84 at pp. 1-2.

according to a search warrant. A search of the vehicle produced a Glock 17 featuring an after-market auto-sear selector switch, loaded with seventeen (17) rounds in the magazine and one round in the chamber. Searches of the three (3) suspected stash houses pursuant to warrants produced narcotics, including suspected fentanyl, marijuana, narcotics processing paraphernalia, three (3) additional firearms, as well as ammunition and a silencer.[16]

As correctly cited by the government, joinder of a felon-in-possession charge with drug trafficking charges is generally proper when the firearms at issue were discovered during investigation of the drug trafficking offenses.[17] The facts alleged by the government do not give rise to an exception to this rule, based on the premise of attenuation between the firearms found and the underlying narcotics trafficking charges.[18] As noted by the Fifth Circuit, drug trafficking offenses are often intertwined with weapons offenses.[19] Finally, this Court does not find that Defendant demonstrated potential prejudice to him other than his generalized supposition that joinder of a felon-in-possession charge in this matter increases the

---

[16] *Id.* at pp. 3-4.
[17] *United States v. Huntsberry*, 956 F.3d 270, 287-88 (5th Cir. 2020) citing *United States v. Mays*, 466 F.3d 335, 340-41 (5th Cir. 2006) citing *United States v. Bullock*, 71 F.3d 171, 175 (5th Cir. 1995) (internal citations omitted).
[18] *U.S. v. Singh*, 261 F.3d 530 (5th Cir. 2001) (finding improper joinder of charge for felon-in-possession with charges of harboring illegal aliens due to the lack of connection between the offenses); *United States v. Holloway*, 1 F.3d 307, 310-11 (5th Cir. 1993) (finding improper joinder where weapon was found months during an arrest months after the alleged robbery forming the basis of the other counts).
[19] *United States v. Kinchen*, 729 F.3d 466, 473 (5th Cir. 2013); *United States v. Townsend*, 1999 WL 427597, 9 (5th Cir. 1999) quoting *United States v. Martinez*, 808 F.2d 1050, 1057 (5th Cir. 1987)

chances he may be convicted.[20] As cited above, such a showing is not sufficient to compel severance. In so finding, the Court notes that Count 3 of the indictment in this case charges Defendant with Possession of a Firearm in the Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c),[21] will involve the presentation of evidence of Defendant's status as a convicted felon, since it requires a jury to consider, among other factors, whether the possession of the firearm at issue was lawful.[22] Thus, severance of Count 4 will not prevent the jury from hearing evidence of Defendant's prior felony conviction.

Considering the foregoing analysis, this Court finds that Defendant fails to show that joinder of Count 4 in this case is improper and will, accordingly, recommend denial of severance under Fed. R. Cr. P. 14.

## **Conclusion**

For the reasons discussed herein, the Court recommends that the motion to sever now before the Court be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of

---

[20] *Ballis*, 28 F.3d at 1408 citing *United States v. Park*, 531 F.2d 754 (5th Cir. 1976) ("defendant must show something more than the fact that a separate trial might offer him a better chance of acquittal").
[21] Rec. Doc. 24 at p. 3.
[22] Pattern Crim. Jury Instr. 5th Cir. 2.44B (2019).

Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 2nd day of June, 2022.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE