UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 6:21-CR-00138-01 |
| | CIVIL NO. 6:25-CV-01161 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| BRIAN BROUSSARD | MAGISTRATE JUDGE DAVID J. AYO |

RULING AND ORDER

Before the Court is a MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 (the "Motion") [Doc. 175] filed *pro se* by Defendant Brian Broussard ("Broussard") on August 5, 2025. The Government filed a Response, [Doc. 178], to which Broussard filed a Reply.[1] [Doc. 184]. After considering the arguments of the parties,[2] the record, and the relevant case law, the Motion is DENIED.

## I.    Factual Background and Procedural History

### A.    *Indictment & Guilty Plea*

On June 16, 2021, a federal grand jury returned an eighteen-count Indictment against Broussard, charging him with conspiracy to distribute and possess with

---

[1]    In his Reply Brief, Broussard argues for re-sentencing in light of the Second and Fifth Amendments. [Doc. 184]. These arguments appear to be unrelated to the grounds alleged in his § 2255 Motion and are not considered herein. *See United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010), *citing United States v. Brown,* 305 F.3d 304, 307 n. 4 (5th Cir. 2002) (citing *United States v. Prince,* 868 F.2d 1379, 1386 (5th Cir.1989).

[2]    The Court determined that no evidentiary hearing on the Motion was required. "When the files and records of a case make manifest the lack of merit of a Section 2255 [motion], the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also United States v. Reed*, 719 F.3d 369, 373-74 (5th Cir. 2013). An evidentiary hearing on a § 2255 motion is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

intent to distribute controlled substances in violation of 21 U.S.C. § 846 (Count 1); possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) (Count 2); possession of a firearm in the furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 3); possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1) (Count 4); possession of an unregistered machinegun, short-barreled rifle, and silencer in violation of 26 U.S.C. § 5861(d) (Counts 5, 6, and 7); possession of a silencer not identified by a serial number in violation of 26 U.S.C. § 5861(i) (Count 8); conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count 9); money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts 10, 11, 12, 13, 14, 15, and 18); engaging in monetary transactions with property derived from specified unlawful activity in violation of 18 U.S.C. § 1957 (Count 16); and money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i) (Count 17).  [Doc. 24].

On November 21, 2022, Broussard pled guilty to Count 1 of the Indictment. [Doc. 140].[3]  His plea was pursuant to a written plea agreement, which was accepted by the Court, and he was represented by counsel at his change of plea hearing.  [Docs. 139, 140].

During the guilty plea colloquy, the Court established that Broussard had never been in a mental institution or treated for a mental illness of any kind; was not

---

[3]    Prior to entering a guilty plea, on September 2, 2022, Broussard filed a Motion to Suppress, arguing that the evidence and statements made as a result of the traffic stop was obtained in violation of the Fourth Amendment.  [Doc. 113].  The Court denied Broussard's Motion to Suppress on September 29, 2022.  [Doc. 119].

under the influence of any medications or drugs; was able to assist in his own defense; had discussed the charges with his attorney; and was satisfied with his attorney's representation. Broussard also informed the Court that he had not been forced to plead guilty; he had seen and received a copy of the charges that had been filed against him; and he understood both the maximum possible sentence he faced and the effect of the sentencing guidelines in his case. Broussard further stated that he understood his constitutional right to remain silent; his constitutional right to the assistance of counsel; his constitutional right to trial by jury; his constitutional right to a presumption of innocence that the government must overcome by proving guilt beyond a reasonable doubt; and his constitutional right to cross-examine opposing witnesses and to subpoena witnesses on his behalf.

### B.    Sentencing

In the final Presentence Investigation Report ("PSR"), the probation office assessed Broussard with a base offense level of 30, pursuant to USSG § 2D1.1(c)(5) for an offense containing at least 400 grams, but less than 1.2 kilograms, of fentanyl. [Doc. 169, ¶ 27]. Two levels were added for possession of a dangerous weapon at the time of the predicate offense. [Doc. 169, ¶ 28]. Another two levels were added for maintaining a premises for the purpose of manufacturing or distributing a controlled substance. [Doc. 169, ¶ 29]. Broussard objected to the two-level enhancement for maintaining a premise as a stash house. [Doc. 169-1]. The Court overruled Broussard's objection at his sentencing hearing. [Doc. 163]. After an adjustment for acceptance of responsibility, Broussard's total offense level was 31. [Doc. 169, ¶¶ 35-

36].  The criminal history computation in the PSR established Brousard's criminal history category of III.  [Doc. 169, ¶ 45].  Broussard's guideline imprisonment range was 135 to 168 months.  [Doc. 169, ¶ 69].

On February 17, 2023, Broussard was sentenced to 162 months imprisonment, five years of supervised release, and a $100 special assessment.  [Doc. 163]. Broussard was informed by the Court at his sentencing hearing that he had the right to appeal his sentence and that a notice of appeal must be filed within 14 days of judgment if he wished to appeal.  The Judgment was issued on February 23, 2023. [Doc. 164].

On March 3, 2023, Broussard filed a notice of appeal, arguing that: (1) denial of the motion to suppress was erroneous; and (2) the two-level enhancement at sentencing for maintaining a stash house was erroneous.  [Doc. 166].  The Fifth Circuit affirmed this Court's rulings on both issues on June 20, 2024.  [Doc. 172].

### C.    *Instant Motion*

On August 5, 2025, Broussard filed the instant Motion, requesting that the Court vacate, set aside, or correct his sentence.  [Doc. 175].  In his Motion, Broussard challenges the application of the sentencing guidelines, arguing that he should not have received the two-level enhancement for possessing a firearm at the time of the predicate offense because there was insufficient evidence that Broussard possessed or used a firearm at that time.  In his Reply Brief, Broussard also appears to challenge the constitutionality of 18 U.S.C. § 922(g).

All issues having been fully briefed, the Motion is ripe for review.

## II.    Law and Analysis

Broussard seeks relief pursuant to 28 U.S.C. § 2255.  That section provides, as relevant here:

> (a)    A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  Section 2255 post-conviction relief is reserved for errors of constitutional dimension and other injuries that could not have been raised on direct appeal and, if left unaddressed, would result in a complete miscarriage of justice. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996). To be clear, collateral review is fundamentally different from and may not replace a direct appeal.  *United States v. Frady,* 456 U.S. 152, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); *United States v. Shaid,* 937 F.2d 228, 231 (5th Cir.1991) (*en banc*).  Even if the issues raised are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally.  In *United States v. Gobert*, the court explained:

> A criminal defendant who fails to raise an available issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice.  A showing of a fundamental miscarriage of justice can be shown if a prisoner can establish actual innocence.  To do so, the prisoner must demonstrate that, "in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him."

2009 WL 1491193, at *2–3 (W.D. La. May 26, 2009) (internal citations omitted), *citing Mills v. United States,* 36 F.3d 1052, 1055 (11th Cir.1994) and *Jones v. United States,* 153 F.3d 1305, 1308 (11th Cir.1998).

Consistent with these limitations, technical applications of the sentencing guidelines are not cognizable in a § 2255 proceeding. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) ("Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding."). Because challenges to the technical application of the guidelines present no constitutional issue and could have been raised on direct appeal, they are procedurally barred. *Id.* Courts have consistently held that challenges to firearm enhancements fall within this category. *See, e.g., United States v. Gobert*, 2009 WL 1491193, at *3 (W.D. La. May 26, 2009) (holding defendant was procedurally barred from bringing claims regarding sentence enhancement for possession of a firearm); *Bruffy v. United States*, 2019 WL 4061059, at *3 (N.D. Tex. July 29, 2019) (noting that defendant's "claim related to a sentencing enhancement based on possession of a firearm merely challenges on collateral review the calculation of her guidelines sentence," which "attacks head-on the sentencing Court's application").

Here, Broussard's challenge to the Court's application of the firearm enhancement under the sentencing guidelines is not cognizable under § 2255. The claim presents no constitutional issue and could have been raised on direct appeal but was not. In fact, although Broussard challenged the two-level enhancement for maintaining the stash house on direct appeal, he did not challenge the firearm

enhancement and offers no explanation for that omission in the instant Motion.  *See Vaughn*, 955 F.2d at 368 (holding that a nonconstitutional claim was not cognizable under § 2255 because it could have been raised on direct appeal and the defendant failed to show why it was not).  Accordingly, Broussard's Motion presents no cognizable basis for relief under § 2255, and the Court need not reach the merits of his claim.[4]  *See Cervantes*, 132 F.3d at 1109.

### CONCLUSION

Therefore, for the reasons stated herein,

IT IS HEREBY ORDERED that Defendant's MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 [Doc. 175] is DENIED.  A separate judgment is entered herewith.

IT IS FURTHER ORDERED that under 28 U.S.C. § 2253(c)(2) and Rule 11(a) of the Rules Governing Section 2255 Proceedings, a Certificate of Appealability is DENIED.

THUS, DONE AND SIGNED in Chambers on this 10th day of July 2026.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE

---

[4]    Moreover, Defendant's term of imprisonment is final and may not be modified pursuant to 18 U.S.C. § 3582.  As discussed by the Government, Broussard is further unable to challenge his sentence under any other statute.